IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD MCBRIDE**                                                      **PLAINTIFF**

V.                                            Civil No.1:13-cv-27-HSO-RHW

**KEITH DAVIS,** *Moss Point Police Chief,* **et al.**           **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is Plaintiff Richard McBride's Motion [3] to Remand this suit to the Circuit Court of Jackson County, Mississippi. Defendants have filed a Response [7]. After consideration of the Motion, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion [3] to Remand should be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Richard McBride, proceeding *pro se*, instituted this suit by filing a Complaint on January 17, 2013, in the Circuit Court of Jackson County, Mississippi. Plaintiff has sued several current and former law enforcement officers for the City of Moss Point, Mississippi, as well as a former Moss Point city judge. The Complaint names all defendants in both their official and individual capacities. Pl.'s Compl. [1-2] at p. 1. Plaintiff's allegations arise from the circumstances surrounding his purported arrest for aggravated assault and domestic violence against his wife. Pl.'s Compl. [1-2] at pp. 7, 10. Plaintiff advances claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, alleging violations of the First, Fourth, Fifth, Eighth, and Thirteenth Amendments. *Id.* at pp. 2-3. He also asserts claims for false imprisonment,

defamation, negligence, and Title VII employment discrimination. *Id.* at pp. 2, 8, 10-11.

On January 31, 2013, Defendants filed a Notice of Removal [1] to this Court on the basis of federal question jurisdiction. On February 8, 2013, Plaintiff filed a Motion [3] to Remand, which is now before the Court. Plaintiff argues that removal is improper because the rule of unanimity, which requires all defendants to consent to removal, was violated. Pl.'s Mot. [3] to Remand at p. 2. Defendants submit that removal is proper because Plaintiff has only served Defendants in their official capacities, and all served Defendants have timely filed a written consent to removal. Defs.' Not. of Removal [1] at p. 2.

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the federal district courts have original jurisdiction. 28 U.S.C. § 1441. The parties seeking removal bear the burden of establishing federal jurisdiction and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir. 2005).

B. Defendants' Removal is Proper

When a civil action is removed on the basis of original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, all served Defendants have timely filed a written consent to removal, and the Court has original jurisdiction.

Removal is proper, and Plaintiff's Motion [3] to Remand should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Richard McBride's Motion [3] to Remand, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 19th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE