IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD MCBRIDE**                                                                    **PLAINTIFF**

V.                                                            Civil No.1:13-cv-27-HSO-RHW

**KEITH DAVIS,** *Moss Point Police Chief,* **et al.**                        **DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS

BEFORE THE COURT are two motions filed by Defendant City of Moss Point, Mississippi, and the individual Defendants, appearing in their official capacities only, Moss Point Police Chief Keith Davis, former Moss Point Police Chief Sheila Smallman, Moss Point Municipal Court Judge Maxcin Conway, Moss Point Police Detective Johnny Jefferson, Moss Point Police Detective "Unknown" Savage, former Moss Point Police Officer Joseph Michael Upchurch, Moss Point Police Officer Thomas Reynolds, former Moss Point Police Officer Terrance Gray, and former Moss Point Police Officer Tiffany Dees: (1) Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion [12] to Dismiss, or in the Alternative, Motion for More Definite Statement; and (2) Defendants' Motion [13] to Dismiss Based on Statute of Limitations.

Plaintiff Richard McBride, who is proceeding *pro se*, has filed Responses [15, 16] to the Motions, and Defendants have filed Rebuttals [18, 19]. Though McBride did not seek the Court's permission to do so, he has filed Surrebuttals [20, 21] and

an Amended Surrebuttal [22].[1] After consideration of the Motions [12, 13], the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion [12] to Dismiss, or in the Alternative, Motion for More Definite Statement should be granted in part and denied in part and Defendants' Motion [13] to Dismiss Based on Statute of Limitations should be granted.

I. BACKGROUND

A.  Procedural History

McBride, who has been a Plaintiff in at least six cases before this Court,[2] instituted this suit by filing a Complaint [1-2] on January 17, 2013, in the Circuit Court of Jackson County, Mississippi, against the City of Moss Point, Mississippi, eight current or former Moss Point law enforcement officers, and a Moss Point Municipal Court judge. On January 31, 2013, the City of Moss Point and the individual Defendants, appearing in their official capacities only, filed a Notice of Removal [1] to this Court on the basis of federal question jurisdiction. While McBride has sued the individual Defendants in their official and individual capacities, there is no evidence in the record to suggest that McBride has served the Defendants

---

[1]McBride is advised that the Local Rules allow a Response and Rebuttal after a Motion is filed. L.U. Civ. R. 7. A party must first seek and receive permission from the Court before filing a Surrebuttal. Because McBride did not request or receive permission to file his Surrebuttals [20, 21, 22], the Court has not considered them.

[2]*Bullock et al. v. Gulf Stream Coach, Inc.,* 1:09cv578-HSO-JMR; *McBride v. Wal-Mart Stores, Inc.,* 1:02cv114-JMR-JMR; *McBride v. City of Moss Point, Miss.,* 1:00cv342-WJG; *McBride v. Am. Sec. Ins. Co.,* 1:99cv490-WJG; *McBride v. Halter Marine Shipyard,* 1:96cv246-DCB; *McBride v. Halter Marine,* 1:96cv238-DCB.

individually, as opposed to in their official capacities.[3]  Summonses in the record were issued to Defendants "in The official capacity through the honor. Mayor of Moss Point . . . ."  Summonses [1-3][all sic in original].

The City of Moss Point and the individual Defendants, appearing in their official capacities only, seek dismissal of McBride's claims in their entirety, submitting that some of the claims McBride asserts are clearly time-barred, while the remainder should be dismissed for failure to state a claim.  Defs.' Mot. [12] at pp. 2-3; Defs.' Mot. [13] at pp. 2-3.  In the alternative, Defendants request that McBride be required to provide a more definite statement due to the "unclear and nonsensical" nature of his Complaint.  Defs.' Mot. [12] at pp. 4-5.

B.  McBride's Complaint

McBride begins his 19-page Complaint with the following summary, submitting that this

> is an action for injunctive relief compensatory damages. Punitive damages, defemation damage, slander damages, false arrest, bullying, false imprisonment, negligent false rumors, reckless indiffer discrimination violation department regulation. Verbally harrasing defendants violation state law and federal law violation of Richard McBride civil right remedies guranteed to Plaintiff under the (1) First Amendment and (5) Fifth Amendment the (8) Amendment excessive bail Find Law (.2008B.NOLO.2008). (14) Fourteenth Amendment and (6) Six Amendment to United States

---

[3]An action against a government official in his or her official capacity is tantamount to a suit against the government itself.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).  It is not a suit against the official personally and should be treated as a suit against the entity.  *McCarthy v. Hawkins,* 381 F.3d 407, 414 (5th Cir. 2004).

I.

> The defendants actions described herein constitute violations state and federal amendments to the United States Constitution 42 U.S.C. 1983, 1981, and 1985 and title VII of Civil Rights act of 1964, 42 U.S.C. 2000-16 et seq. these violations arise from unlawful employment practices against plaintiff Richard McBride including Racial, Discrimination, acting under color of state law.  Retaliation for participation in prior protest police injustice.

Pl.'s Compl. [1-2] at p. 2 [all sic in original].

Further claims, accusations, and legal "buzz words" scattered throughout McBride's Complaint are "Intentional, Malicious, willful, wanton, callous, and . . . reckless disregard for plaintiff Richard McBride rights . . . [under] the Fourth Amendment," malice, gross negligence, "abuse of power by the police chief and the policies. Duress, coercion, fraud or mistake," violating "department regulations, standards, practice, and/or policy," "violat[ion of] the constitution 13 amendment against slavery," "pattern and practice of willful and intentional discrimination against Richard McBride on the basis of his race and retaliation for Bias and prejudice," conspiracy, extortion, "Reckless indifference willful intent," "failure to conduct due diligence to be a form of negligence," bullying, harassment, "racial slurs,""malicious humiliation police tactic call subject profiling," corruption, "recketeering scheme on the citizen of Moss Point, Ms. by filing false charge," and "Emotional injury Damages for Stress, Trauma, and Emotional Distress caused by defendant's conduct."  *Id.* at pp. 8-19.  McBride requests $2.5 million dollars in damages, injunctive relief in the form of "expungement of all law enforcement records related to this incident," nonspecific declaratory relief, fees

for attorneys and experts, and court costs. *Id.* at p. 19.  McBride references claims in his Responses [15, 16] that he did not plead in his Complaint.  Claims not pleaded in a Complaint are not properly before the Court, and McBride's unpleaded claims will be disregarded.

According to his Complaint, McBride's primary grievance surrounds his January 15, 2012, arrest and imprisonment for alleged aggravated domestic violence against his wife Blondine McBride and purported attempt to intimidate her from testifying as a witness against him.  Pl.'s Compl. [1-2] at pp. 7-14; Abstracts of Court Records [15-4, 15-5].  McBride was imprisoned upon his arrest and released on bond a day or two later.  Pl.'s Compl. [1-2] at pp. 7, 10; Abstracts of Court Records [15-4, 15-5].  On October 22, 2012, a Jackson County, Mississippi, grand jury indicted McBride for allegedly violating Mississippi Code section 97-9-55 by "threatening to cause physical injury to the said Blondine McBride if she contacted the police."  True Bill [15-3].  On July 30, 2013, the State of Mississippi dropped this charge against McBride because "the victim does not wish to pursue the case to trial . . . and the victim will not assist the State."  Entry of Nolle Prosequi [15-6].

McBride contends that on January 16, 2012, the day after his arrest, he retrieved his belongings and was in the process of being released on bond when Detective Johnny Jefferson and Detective "Unknown" Savage stopped him and held him on orders from Moss Point Chief of Police Keith Davis, who purportedly wanted to talk to McBride.  Pl.'s Compl. [1-2] at p. 7.  McBride alleges that Detectives Jefferson and Savage and "the black female" "put [him] in slavery" by handcuffing

him to the wall for five or six hours and then moving him to another room where he was chained to a table until Chief Davis arrived.  *Id.* at p. 8.  McBride asserts that when Chief Davis arrived, he falsely accused McBride of "pull[ing] a gun on him in his office."  *Id.* at p. 9.  McBride claims that Chief Davis "drew his gun twice" on McBride, "intimadating [sic] a prisoner with deadly force."  *Id.*

According to McBride, Chief Davis talked to Detectives Jefferson and Savage and to Moss Point Municipal Judge Maxcin Conway, and together these Defendants conspired to falsely accuse McBride of having "multiple counts of domestic violence."  *Id.*  McBride maintains that this allegedly false accusation resulted in Judge Conway setting McBride's bond at $85,000, which McBride contends was excessive and violated the Eighth Amendment to the United States Constitution.  Pl.'s Compl. [1-2] at p. 10; Abstracts of Court Records [15-4, 15-5].  McBride alleges that Detectives Jefferson and Savage made false statements against him at the bail hearing, and Judge Conway "improperly discuss[ed] [his] case in open court."  Pl.'s Compl. [1-2] at p. 10.  McBride claims that Chief Davis, Detective Jefferson, Detective Savage, and Judge Conway conspired to defame him, extort him through excessive bail, violate his right to equal protection, and retaliate against him because he had filed criminal charges against police officers to "protest police injustice."  Pl.'s Compl. [1-2] at pp. 2, 9-11; Pl.'s Resp. [15] at p. 4.  McBride accuses Police Officer Terrance Gray of harassing him while Gray transported McBride to the Jackson County Adult Detention Center.  Pl.'s Compl. [1-2] at p. 17.

McBride admits that, on or around January 15, 2012, his wife Blondine "went

to Singing River Hospital to check on her back.  She fell up against the weigh bench.
The weight bench has cords.  My wife believe or thought I Richard McBride had hit
her." *Id.* at p. 12 [all sic in original].  After she was treated and released from the
hospital, Blondine went home and was apparently questioned by Detectives Jefferson
and Savage.  *Id.* at pp. 12-13.  McBride accuses Detective Jefferson of making false
statements about McBride to Blondine and intimidating Blondine in such a way that
she left the McBride home to stay at a women's shelter in New Orleans, Lousiana.  *Id.*
at p. 12.  McBride claims that Detective Jefferson's "failure to conduct due diligence to
be a form of negligence."  *Id.*  McBride accuses Detective Savage of making false
statements about McBride to Blondine in order to coerce and "brain wash[]" her into
"l[ying] [a]bout her husband Rev. Richard McBride."  *Id.* at pp. 13-14.

   The remaining allegations in McBride's Complaint are unrelated to his
January 15, 2012, arrest.  These claims surround purported conduct between the
years of 2007 to 2011 by former Moss Point Police Chief Sheila Smallman and former
or current Moss Point Police Officers Thomas Reynolds, Tiffany Dees, Joseph Michael
Upchurch, and Terrance Gray.  *Id.* at pp. 15-19.

   McBride accuses Officer Reynolds of false arrest, false imprisonment, and
defamation in connection with "switched tag Case No. 2011050050 . . . [and] [n]o proof
of Insuarance [sic] Case No. 2011050068."  Pl.'s Compl. [1-2] at p. 15.  Attached to one
of his Responses, McBride has submitted documents from the Moss Point Municipal
Court, which indicate that on August 9, 2011, two petty misdemeanor charges against
McBride for "switched tag" and "no proof of insurance" were dismissed upon Officer

Reynold's request. Dismissals [15-1]. The charge for "no proof of insurance" was dismissed after McBride presented proof of insurance. *Id.* at p. 2.

Regarding Chief Smallman and Officers Dees, Upchurch, and Gray, McBride's Complaint provides:

> Tiffany Dees False Arrest Richard McBride charge of False pretense 2007 or 2008. Harassment to Richard McBride.
> . . .
> Moss Point Former Police Joseph Michael Upchurch Police Misconduct to Richard McBride Stating that "I will Lock Your Black Ass Up." On or about January 26, 2009 Racial slurs and harassment The year of 2008 and 2009.
> . . .
> Former Police Chief Shelia Smallman Harrasment Richard McBride, Racial Slurs and Harrassment. In the year of 2008 and 2009.
> . . .
> Former Police officer Terrance Gray Harrasment Richard McBride, Racial Slurs and Harrasment. In the year of 2008 and 2009. On or about January 17, 2012 transported Richard McBride to the Jackson County Adult Detention Center and he harrasment him again.
> . . .

Pl.'s Compl. [1-2] at pp. 15-18 [all sic in original].

McBride's Complaint recites "[t]he elements of defamation" and "[t]he elements of punitive damages" after naming Dees, Upchurch, Smallman, and Gray. *Id.*

## II. DISCUSSION

A. <u>Applicable Legal Standards</u>

    1. <u>Federal Rule of Civil Procedure 12</u>

Federal Rule of Civil Procedure 12(e) allows a party to request a more definite statement with respect to a "pleading to which a responsive pleading is allowed but

which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.

The purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2008). Rule 12(b)(6) "must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* "[T]he statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

In 2007 and 2009, the United States Supreme Court addressed the standard for a motion to dismiss under Rule 12(b)(6):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007))(internal quotations and citations omitted).

"The Supreme Court's decisions in *Iqbal* and *Twombly* . . . did not alter the longstanding requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 796 (5th Cir. 2011)(internal quotation omitted). The Court's analysis is generally limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). "[C]ourts may also consider matters of which they may take judicial notice," *id.* at 1018, and "may permissibly refer to matters of public record," *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

A *pro se* plaintiff's pleadings are to be construed liberally. *Perez v. United States,* 312 F.3d 191, 194-95 (5th Cir. 2002). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94.

    2.    <u>Statutes of Limitation</u>

"Statutes of limitations serve as absolute bars to suit." *Nottingham v. Richardson,* No. 11-11027, 499 F. App'x 368, 375 (5th Cir. Dec. 4, 2012). Their purpose is to "bar the litigation of stale claims at a time removed from when the pertinent events occurred." *Matter of Swift,* 129 F.3d 792, 796 (5th Cir. 1997).

The Mississippi Code provides:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, or for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

Miss. Code § 15-1-35.

The Mississippi Code further provides:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
> . . .

Miss. Code Ann. § 15-1-49(1).

"Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989), which in Mississippi is three years, Miss. Code Ann. § 15-1-49 (2011)." *Edmonds v. Oktibbeha Co., Miss.,* 675 F.3d 911, 916 (5th Cir. 2012). Section 1985 claims are also governed by Mississippi Code section 15-1-49(1)'s three-year statute of limitations. *Neal v. Leflore Co. Bd. of Supervisors,* No. 4:12cv10-SA-JMV, 2013 WL 4829203 *3 (N.D. Miss. Sept. 10, 2013). Section 1981 claims are subject to either Mississippi Code section 15-1-49(1)'s three-years statute of limitations or 28 U.S.C. § 1658's four-year statute of limitations, the latter applying if the plaintiff's cause of action was made possible by the 1991 amendments to the Civil Rights Act. *Liddell v. Northrop Grumman Shipbuilding, Inc.,* 836 F. Supp. 2d 443, 452 (S.D. Miss. 2011).

B.   Analysis of Plaintiff's Pleadings

1.   McBride's Claims Accruing from 2007 through 2011

McBride advances claims against Officer Reynolds for false arrest, false imprisonment, and defamation. Pl.'s Compl. [1-2] at p. 15. McBride has pleaded no federal claims against Officer Reynolds. The only factual statement in the Complaint about McBride's claims against Reynolds provides: "Thomas Reynold's charged with switched tag Case No. 2011050050 by charge Richard McBride No proof of Insurance Case No. 2011050068." *Id.* [all sic in original]. This singular statement does not contain sufficient factual matter, accepted as true, to state claims for false arrest, false imprisonment, or defamation.

The documents [15-1] submitted by McBride with his Response indicating that two petty misdemeanor charges for "switched tag" and "no proof of insurance" were dismissed on August 9, 2011, upon Officer Reynold's request, do not cure this deficiency. There is no indication in the Complaint or the supplied documents that McBride was arrested or imprisoned after being cited for these petty misdemeanors; nor does McBride explain what alleged defamatory statement Reynolds purportedly made. McBride's claims against Officer Reynolds should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. They should also be dismissed because false arrest, false imprisonment, and defamation claims arising from conduct occurring in 2011 are barred by Mississippi Code section 15-1-35's one-year statute of limitations.

McBride's claims against Chief Smallman and Officers Dees, Upchurch, and Gray also do not survive a 12(b)(6) analysis. McBride claims false arrest,

harassment, and defamation against Officer Dees; "racial slurs," harassment, defamation, and police misconduct "I will Lock Your Black Ass Up" against Officer Upchurch; "racial slurs," harassment, and defamation against Chief Smallman; and harassment and "racial slurs" against Officer Gray.  Pl.'s Compl. [1-2] at 15-18.

McBride has failed to plead sufficient factual content to support claims against any of these Defendants for false arrest or defamation.  Furthermore, claims for false arrest and defamation arising from purported acts and statements occurring in 2007, 2008, or 2009, are barred by Mississippi Code section 15-1-35's one-year statute of limitations.  McBride's claims for harassment and "racial slurs" against Defendants Smallman, Dees, Upchurch, and Gray are not cognizable, as pleaded.  McBride's Complaint does not reference a legal source establishing a private cause of action for harassment, and harassment does not appear to be a private right of action in a case such as this one.  Furthermore, there is no private cause of action for "racial slurs." To the extent McBride is attempting to assert § 1983 or § 1985 race discrimination claims for actions arising in 2007, 2008, and 2009, these claims are barred by Mississippi Code section 15-1-49(1)'s three-year statute of limitations.  No facts in McBride's Complaint support a § 1981 claim, even if such a claim were not time barred.  For these reasons, McBride's claims against Chief Smallman and Officers Reynolds, Dees, Upchurch, and Gray should be dismissed and these individuals will be dismissed from this case as Defendants.

    2.    <u>McBride's Claims Accruing in January 2012</u>

        a.    <u>Federal Claims</u>

Accepting all well-pleaded facts as true, viewing them in the light most favorable to McBride, and construing McBride's *pro se* Complaint liberally, McBride has stated facts sufficient to support the constitutional claims he has pleaded against the City of Moss Point, Chief Davis, Detective Jefferson, Detective Savage, and Judge Conway for First Amendment retaliation, unlawful seizure under the Fourth Amendment, excessive bail under the Eighth Amendment, and violation of equal protection under the Fourteenth Amendment. Taking into consideration his *pro se* status, McBride has given fair notice of these claims and the grounds upon which they rest, such that the Court will not dismiss them under Rule 12(b)(6) or require McBride to provide a more definite statement regarding them. The Court does not prejudge the merit of these claims or their likelihood of success.

McBride has not pleaded facts sufficient to support claims against any Defendant pursuant to the Fifth, Sixth, or Thirteenth Amendments. McBride has also not pleaded facts sufficient to support claims against any Defendant under Title VII of the Civil Rights Act of 1964 or for "recketeering." These federal claims will be dismissed.

        b.    <u>State Claims</u>

Accepting all well-pleaded facts as true, viewing them in the light most favorable to McBride, and construing McBride's *pro se* Complaint liberally, McBride has stated facts sufficient to support his claims against the City of Moss Point, Chief

Davis, Detective Jefferson, Detective Savage, and Judge Conway for false imprisonment, defamation, emotional distress, and civil conspiracy. McBride's claim against Detective Jefferson for negligence will also proceed at this juncture. Taking into consideration his *pro se* status, McBride has provided fair notice of these claims and the grounds upon which they rest, such that the Court will not dismiss them under Rule 12(b)(6) or require McBride to provide a more definite statement regarding them. The Court does not prejudge the merit of these claims or their likelihood of success.

McBride has not pleaded particularized facts in his Complaint sufficient to support a claim for fraud against any Defendant, and his fraud claim will be dismissed pursuant to Federal Rules of Procedure 12(b)(6) and 9(b). The Court does not have jurisdiction to "expunge[] all law enforcement records related to this incident," and McBride's request for expungement will be dismissed pursuant to Rule 12(b)(6). To the extent McBride is attempting to advance claims for bullying, harassment, "abuse of power," corruption, coercion, mistake, bias, prejudice, "racial slurs," "malicious humiliation," or profiling, McBride has not identified any legal source for such claims, some are not cognizable private rights of action, and some are not cognizable claims for purposes of this type of case. These claims will be dismissed pursuant to Rule 12(b)(6). The claims McBride references in his Responses [15, 16] that he did not plead in his Complaint are not properly before the Court and will be disregarded.

C.  <u>Notice That All Individual Capacity Claims Against Defendants Will Be Dismissed if Proof of Effective Service is Not Filed by February 10, 2014, or Good Cause Shown</u>

The Complaint also named Chief Davis, Detective Jefferson, Detective Savage, and Judge Conway in their individual capacities, but there is no evidence in the record to suggest that McBride has personally served any of these Defendants. "To the extent that a plaintiff sues a defendant in his individual capacity, he is required to serve such defendant personally, as an individual . . . ." *Omobude v. Mississippi Dept. of Finance and Admin.,* No. 3:10cv703-TSL-FKB, 2011 WL 346522, *1 (S.D. Miss. Jan. 31, 2012).

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). McBride has had an entire year to personally serve Chief Davis, Detective Jefferson, Detective Savage, and Judge Conway in their individual capacities, and he has not done so. In its June 19, 2013, Order denying McBride's Motion to Remand, the Court expressly informed McBride that "Plaintiff has only served Defendants in their official capacities." Order [10] at pp. 2-3. The Court hereby notifies McBride that his individual capacity claims against Chief Davis, Detective Jefferson, Detective Savage, and Judge Conway will be dismissed unless on or before February 10, 2014, McBride files proof of service with the Court demonstrating that he has properly personally served these individuals or "shows good cause" why he has been unable to personally serve them during the full year

that he has had to do so. Fed. R. Civ. P. 4(m).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion [12] to Dismiss, or in the Alternative, Motion for More Definite Statement is **GRANTED IN PART AND DENIED IN PART**. The Motion is denied to the extent that Plaintiff Richard McBride's claims against the City of Moss Point, Keith Davis, Johnny Jefferson, "Unknown" Savage, and Maxcin Conway for First Amendment retaliation, unlawful seizure under the Fourth Amendment, excessive bail under the Eighth Amendment, violation of equal protection under the Fourteenth Amendment, false imprisonment, defamation, emotional distress, and civil conspiracy will proceed at this juncture. McBride's negligence claim against Johnny Jefferson will also proceed at this juncture. The Motion for a More Definite Statement is also denied. The Motion is granted to the extent that all remaining claims or purported claims by McBride are dismissed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [13] to Dismiss Based on Statute of Limitations is **GRANTED**, and McBride's claims against Reynolds, Dees, Upchurch, Smallman, and Gray are dismissed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court shall terminate Thomas Reynolds, Tiffany Dees, Joseph Michael Upchurch, Sheila Smallman, and Terrance Gray as Defendants.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, McBride's individual

capacity claims against Keith Davis, Johnny Jefferson, "Unknown" Savage, and Maxcin Conway will be dismissed unless on or before February 10, 2014, McBride files proof of service with the Court demonstrating that he has properly personally served these individuals or "shows good cause" why he has been unable to personally serve them during the full year that he has had to do so.   Fed. R. Civ. P. 4(m).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to mail a copy of this Order to Plaintiff Richard McBride at his last known address, via the United States Postal Service, certified mail, return receipt requested.

**SO ORDERED AND ADJUDGED**, this the 22nd day of January, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE