IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD MCBRIDE**                                                                           **PLAINTIFF**

**V.**                                                          **Civil No.1:13-cv-27-HSO-RHW**

**KEITH DAVIS,** *Moss Point Police Chief,* **et al.**                                **DEFENDANTS**

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS ALL STATE LAW CLAIMS FOR FAILURE TO FILE A NOTICE OF CLAIM PURSUANT TO THE MISSISSIPPI TORT CLAIMS ACT

BEFORE THE COURT is the Motion [28] to Dismiss All State Law Claims for Failure to File a Notice of Claim Pursuant to the Mississippi Tort Claims Act, filed by Defendants City of Moss Point, Mississippi; Moss Point Police Chief Keith Davis; Moss Point Judge Maxine Conway; and Moss Point Detective Johnny Jefferson, all in their official capacities only.[1]  Plaintiff Richard McBride has filed a Response [44] and Defendants a Reply [46].  Having considered the parties' submissions, the record, and relevant legal authorities, the Court finds that Defendants' Motion [28] should be denied without prejudice at this time.

## I. BACKGROUND

Defendants assert that "[t]he first notice the City of Moss Point received of Mr. McBride's claim was the filing of this lawsuit on January 17, 2013."  Defs.' Mot. [28] 2.  Defendants request dismissal of Plaintiff's state law claims, alleging that Plaintiff did not file a notice of claim as required by the Mississippi Tort Claim Act

---

[1]Defendants' Motion provides that Moss Point Detective Savage is a Movant. Detective Savage, however, was dismissed as a Defendant by Order [47] entered on April 3, 2014.

("MTCA"), Mississippi Code § 11-46-9, *et seq*. The MTCA provides:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.
>
> (2)(a) Service of notice of claim shall me made as follows:
>
>   (i) For local governments:
> . . .
>   2. If the governmental entity is a municipality, then upon the city clerk.

Miss. Code § 11-46-11(1).

Plaintiff disputes Defendants' allegation that he did not file a notice of claim. In response to Defendants' Motion, Plaintiff has submitted a document entitled "Complaint & Affidavit," dated July 16, 2012. Document [44-1] 8-9. The document is authored by Plaintiff and addressed to then-Moss Point Mayor Aneice Liddell. *Id.* The document is notarized by the Chancery Clerk of Jackson County, Mississippi, and states that Plaintiff "executed and delivered the above and foregoing instrument." *Id.* at 11. Plaintiff has also offered another document entitled "Complaint & Affidavit," dated and notarized on July 20, 2012, which is not addressed to a recipient but also states that it was "executed and delivered." Document [44-1] 12-13. Both purported notices of claim detail allegations made by Plaintiff in this case. Plaintiff also claims that he met with Mayor Liddell and "the Board." Pl.'s Resp. [44] 2.

In rebuttal, Defendants contend that Plaintiff's purported notices of claim should

be stricken for two reasons: (1) because the City of Moss Point "has no record of ever receiving such notices," and (2) "even assuming notice was provided, it does not sufficiently meet the requirements under Mississippi Code § 11-46-11" because "there is no evidence service of the alleged notices was made upon the City Clerk." Defs.' Reply [46] 2-3.

## II. DISCUSSION

While notice is mandatory under the MTCA, the Mississippi Supreme Court has found that "substantial compliance" with the MTCA's notice provisions can be sufficient. *Fairley v. George Co.,* 871 So. 2d 713, 716 (Miss. 2004); *Ferrer v. Jackson Co. Bd. of Sup'rs,* 741 So. 2d 216, 216-217 (Miss. 1999). "[T]he determination of substantial compliance is a legal as well as fact sensitive inquiry which must be decided on a case-by-case basis." *Ferrer,* 741 So. 2d at 218 (citing *Carr v. Town of Shubuta*, 733 So. 2d 261, 263 (Miss. 1999)). A body of Mississippi law exists interpreting the standard of substantial compliance in a variety of factual contexts.

Plaintiff averred before a notary that he "executed and delivered" what he now purports to be notices of claim, one of which is addressed to then-Mayor of Moss Point, Aneice Liddell. Documents [44-1] 11, 13. Plaintiff maintains that he met with Mayor Liddell and "the Board." Pl.'s Resp. [44] 2. This proffer at least raises a question as to whether Plaintiff substantially complied with the notice requirements of the MTCA. Defendants do not sufficiently address the documents submitted by Plaintiff and do not refute the possibility of substantial compliance. The Court does not prejudge the issue of substantial compliance but is of the

opinion that it is an issue that should have been addressed. Defendants have not supported with authority their position that "no record of receiving" a notice of claim requires dismissal of Plaintiff's state law claims. Defendants have not addressed whether the state law claims advanced by Plaintiff are subject to MTCA notice requirements.

Because Defendants have not adequately briefed and supported the relief they request, Defendants' Motion [28] to Dismiss All State Law Claims for Failure to File a Notice of Claim Pursuant to the Mississippi Tort Claims Act should be denied at this time. Even if Defendants had adequately supported their Motion, it is unclear whether unresolved questions of material fact would nevertheless preclude a ruling in their favor at this juncture.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [28] to Dismiss All State Law Claims for Failure to File a Notice of Claim Pursuant to the Mississippi Tort Claims Act, filed by Defendants City of Moss Point, Mississippi; Moss Point Police Chief Keith Davis; Moss Point Judge Maxine Conway; and Moss Point Detective Johnny Jefferson, all in their official capacities only, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE